Filed 5/31/23  Arevalo v. Superior Court CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| CHRISTOPHER AREVALO,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF VENTURA COUNTY,<br><br>Respondent;<br><br>THE PEOPLE,<br><br>Real Party in Interest. | 2d Crim. No. B324002<br>(Super. Ct. No. 2017011403)<br>(Ventura County) |

Christopher Arevalo petitions for a writ of prohibition challenging the trial court's denial of his motion to dismiss under Penal Code section 995.[1]  We shall grant the writ.

---

[1] All statutory references are to the Penal Code.  After we summarily denied the petition, the Supreme Court granted review and transferred the matter back to us with directions to vacate our order and issue a new order directing the superior

Arevalo is charged in a 2019 information with first degree murder with allegations that the crime was gang-related. (§§ 186.22, subd. (b)(1), 187, subd. (a), 189, 190.2, subd. (a)(22).) Following the 2022 enactment of Assembly Bill No. 333 (AB 333), he moved to dismiss the gang enhancement allegations on the ground that the new law applies retroactively to his case, such that the evidence presented at the preliminary hearing is now insufficient to support a finding of probable cause to hold him over for trial on those allegations. (§ 995, subd. (a)(2)(B).)

The trial court accepted the prosecution's concessions that AB 333 applies retroactively to Arevalo's case, and that under the new law the evidentiary showing at the preliminary hearing is insufficient as to the gang enhancement allegations. The court also acknowledged our Supreme Court's then-recent holding that AB 333 applies retroactively. (*People v. Tran* (2022) 13 Cal.5th 1169, 1205-1206 (*Tran*).) The court nevertheless denied Arevalo's section 995 motion, agreeing with the prosecution that he is merely entitled to the benefits of the new law *at his upcoming trial*. The court erred.

AB 333 applies retroactively to all criminal cases, such as this one, that were pending when the law went into effect. (*Tran*, *supra*, 13 Cal.5th at pp. 1206-1207, citing *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).) The new law "'essentially adds new elements to the substantive offense and enhancements in section 186.22 — for example, by requiring proof that gang members "collectively engage" in a pattern of criminal gang activity, that the predicate offenses were committed by gang members, that the predicate offenses benefitted the gang, and that the predicate and

court to show cause why the petition should not be granted. The People filed a written return to the petition, Arevalo filed a reply, and we heard oral argument.

underlying offenses provided more than a reputational benefit to the gang. . . .' [Citations.]" (*Tran*, at p. 1207.)

Because AB 333 applies retroactively to Arevalo's case, the trial court was required to apply that law in adjudicating his section 995 motion. And in adjudicating that motion, the court was also required to retroactively apply the new law to the preliminary hearing proceedings. The People recently conceded in another case that the new law so applies in these circumstances, and the Court of Appeal accepted that concession. (*Mendoza v. Superior Court* (May 3, 2023) __ Cal.App.5th __, 2023 Cal.App.Lexis 340, *8-14 (*Mendoza*).) The People are thus estopped from arguing to the contrary here. (See, e.g., *Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 181-183.)

In any event, the arguments against retroactivity raised by the People in this case are plainly without merit. First, the People offer *People v. Stamps* (2020) 9 Cal.5th 685, 700 (*Stamps*), for the proposition that "[t]he *Estrada* rule only answers the question of *whether* an amended statute should be applied retroactively. It does not answer the question of *how* that statute should be applied." But this does not mean courts can apply a new ameliorative law in a manner that limits its retroactivity. In *Stamps*, the court made clear the petitioner was entitled to a remand for the trial court to exercise its newly-granted discretion under Senate Bill 1393 to strike his serious felony enhancement, notwithstanding that he had admitted the truth of the enhancement pursuant to a negotiated plea. The court also recognized, however, that if the trial court struck the enhancement the prosecution could withdraw its assent to the plea agreement because nothing in the text or legislative history of AB 333 evinced any intent to affect such prior agreements. (*Id.* at p. 707.) Nothing about this conclusion supports the People's position that the trial court did not have to apply AB 333 in

3

ruling on Arevalo's section 995 motion, which was both filed and adjudicated after the new law went into effect.

The People also refer us to the language of section 995, subdivision (a)(2)(B), which requires the trial court to determine whether the defendant "had been committed" without probable cause. The People contend this language compels the court to base its ruling on the law as it existed when the preliminary hearing was held. The referenced language cannot be reasonably construed as placing a limitation on the retroactivity of ameliorative changes in the law, which are intended to apply "as broadly as possible." (*People v. Conley* (2016) 63 Cal.4th 646, 657.) The legislature did not intend the law to be less than 100 percent retroactive.

The trial court erred in concluding that the new law did not apply retroactively to the section 995 motion and the preliminary hearing proceedings. But we agree with our colleagues in *Mendoza* that the People should have the opportunity to reopen the preliminary hearing proceedings as contemplated in section 995a, subdivision (b)(1).[2] "[E]ven assuming the language of section 995, subdivision (b)(1) does not support reopening the

---

[2] Subdivision (b)(1) of section 995a states: "Without setting aside the information, the court may, upon motion of the prosecuting attorney, order further proceedings to correct errors alleged by the defendant if the court finds that such errors are minor errors of omission, ambiguity, or technical defect which can be expeditiously cured or corrected without a rehearing of a substantial portion of the evidence. The court may remand the cause to the committing magistrate for further proceedings, or if the parties and the court agree, the court may itself sit as a magistrate and conduct further proceedings. When remanding the cause to the committing magistrate, the court shall state in its remand order which minor errors it finds could be expeditiously cured or corrected."

4

preliminary hearing proceedings under the circumstances, the remedy we adopt is supportable as a rule of judicial procedure by application of the principles governing postconviction reversals based upon a change in the law. . . . The issue here, as in cases in which the law has changed postconviction, is not of insufficiency of the evidence. And further preliminary hearing proceedings should not be prohibited in such instances to permit the prosecution to prove new additional elements of an offense that go into effect after a defendant has been held to answer. [Citation.]" (*Mendoza, supra*, 2023 Cal.App.Lexis 340, *27-29.) We shall order the matter remanded accordingly.

## DISPOSITION

The petition for writ of prohibition is granted. Let a peremptory writ of mandate issue, directing respondent court to vacate its order denying Arevalo's section 995 motion and the magistrate judge's order holding Arevalo to answer on the gang enhancement allegations. On remand, the prosecution may either move to reopen the preliminary hearing to prove the gang enhancement allegations under the new law, or proceed on an amended information without the gang enhancement allegations.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.                    BALTODANO, J.

5

Kristi Peariso, Judge

Superior Court County of Ventura

_____

Claudia Bautista, Public Defender, Thomas Hartnett, Senior Deputy Public Defender, for Petitioner.

Erik Nasarenko, District Attorney, Miriam R. Arichea, Deputy District Attorney, for Real Party Interest.